Stephen B. Plummer Sedgwick County Counselor Sedgwick County Courthouse 525 North Main Street Suite 359 Wichita, Kansas 67203-3790
Dear Mr. Plummer:
As Sedgwick county counselor you inquire whether the immunity from civil liability provided in K.S.A. 48-936 to persons owning or controlling real estate who shelter people on their property applies in disasters as that term is defined at K.S.A. 48-904(d), or if the immunity is limited to nuclear disasters.
K.S.A. 48-936 provides in relevant part as follows:
 "Any person owning or controlling real estate or other premises who voluntarily and without compensation grants a license or privilege, or otherwise permits the designation or use . . . of the premises for the purpose of sheltering persons during an actual or impending, nuclear practice attack or disaster . . . shall not be civilly liable for negligently causing the death of, or injury to, any person on or about such real estate. . . ."
(Emphasis added).
K.S.A. 48-904 states in relevant part as follows:
 "(a) `Emergency preparedness' means the preparation for and the carrying out of all emergency functions, other than functions for which military forces or other federal agencies are primarily responsible to prevent, to minimize and repair injury and damage resulting from disasters;
. . . .
 "(d) `disaster' means the occurrence or imminent threat of widespread or severe damage, injury or loss of life or property resulting from any natural or man made cause, including but not limited to fire, flood, earthquake, wind, storm, epidemics, air contamination, blight, drought, infestation, explosion, riot or hostile military or paramilitary action;"
You indicate that some city and county attorneys interpret K.S.A. 48-936
as providing immunity only in the event of nuclear disasters.
When these statutes were enacted in 1951 there was great fear of nuclear attack from the Soviet Union because the latter had developed an atomic bomb and the United States was engaged in a confrontation with the North Koreans who were backed by both Red China and the Soviet Union. In 1951, the statutory scheme employed the words "civil defense" rather than the current "emergency preparedness". "Civil defense" was defined as "the preparation for and carrying out of all emergency functions . . . to prevent, minimize and repair injury and damage resulting from disasters caused by enemy attack . . . or by fire, flood, failure of public utilities services or other causes." A civil defense division was established under the aegis of the adjutant general with the responsibility of mobilizing state resources in the event of enemy attack, fire, flood, failure of utility services, "or other causes" but primarily, the impetus came from the increasingly hostile relationship with an adversary who had developed an atomic weapon that only a few years prior had been in the sole custody of the United States.
These civil defense statutes were amended in 1975 to broaden the scope of the civil defense division — which was abolished and replaced by the division of emergency preparedness — to include action in natural as well as man made disasters through state and local disaster programs. (Supplemental information on Senate Bill No. 70 prepared by the legislative research department). The definition of "disaster" was added to include damage resulting from natural and man made causes. K.S.A.48-936 was added to provide immunity from civil liability to persons who own or control real estate.
The word "or" as used in K.S.A. 48-936 relating to "during a nuclear practice attack or disaster" is a disjunctive particle indicating that various parts of the sentence are to be taken separately. 73 Am.Jur.2dStatutes sec. 241. Consequently, "disaster" stands on its own apart from "nuclear practice attack." Because the legislature chose to define "disaster" in K.S.A. 48-904(d), that meaning should be followed in the interpretation of K.S.A. 48-936. 73 Am.Jur.2d Statutes sec. 225. Therefore, it is our opinion that K.S.A. 48-936 provides immunity from civil liability to those persons owning or controlling real estate who shelter others during actual or impending disasters, as that term is defined at K.S.A. 48-904(d).
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Mary Feighny Assistant Attorney General
RTS:JLM:MF:jm